IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED 2007 OCT -1 P 12:24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CURTIS SPIDELL    PLAINTIFF

VS.    CIVIL ACTION NO: 3:07 CV 874-MHT

MIDLAND CREDIT MANAGEMENT, INC.
and MRC RECEIVABLES CORPORATION    DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF
### MIDLAND CREDIT MANAGEMENT and MRC RECEIVABLES CORPORATION

COME NOW the Defendants, MIDLAND CREDIT MANAGEMENT, INC. ("Midland") and MRC RECEIVABLES CORPORATION ("MRC") and file this, their *Answer and Affirmative Defenses* to the *Bill of Complaint* (the "Complaint") filed by the Plaintiff, Curtis Spidell ("Spidell"), and in support thereof, would show unto the Court the following, to-wit:

### ANSWER

Without waiving any defenses, but reaffirming and re-alleging the same, and specifically reserving all benefits and advantages which may be had as a result of any errors, uncertainties, imperfections and insufficiencies of the Complaint, the Defendants specifically answer the enumerated and unenumerated allegations of the Complaint. Unless specifically admitted herein, the allegations of the Complaint are denied.

AND NOW, answering the Complaint paragraph by paragraph, the Defendants state as follows:

1. On information and belief, these allegations are admitted.

2. It is admitted that Midland Credit Management, Inc. is a Kansas corporation with its principal place of business in California. The remaining allegations of this paragraph are denied.

3.  It is admitted that MRC Receivables Corporation is a Delaware corporation with its principal place of business in California. The remaining allegations of this paragraph are denied.

4.  On Defendants' information and belief, it is admitted that a case styled "Midland Credit Management vs. Curtis Spidell" was filed in the District Court of Randolph County, Alabama on June 21, 2007, and that this action involved a debt owed by Spidell to Midland. The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

5.  The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

6.  The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

7.  The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

8.  The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

9.  The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

10. The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

11. The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

12.   The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

1.   [*sic*] The Defendants incorporate by reference their answers and defenses stated above.

2.   [*sic*] These allegations are denied.

3.   [*sic*] The Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and they are, therefore, denied.

4.   [*sic*] These allegations are denied.

5.   [*sic*] These allegations, including all subparagraphs, are denied, and it is specifically denied that Spidell is entitled to any relief whatsoever from the Defendants.

Responding to that certain unnumbered paragraph beginning "WHEREFORE," these allegations are denied, and it is specifically denied that Spidell is entitled to any relief whatsoever from the Defendants.

1.   [*sic*] The Defendants incorporate by reference their answers and defenses stated above.

2.   [*sic*] These allegations are denied.

3.   [*sic*] These allegations are denied.

4.   [*sic*] These allegations, including all subparagraphs, are denied, and it is specifically denied that Spidell is entitled to any relief whatsoever from the Defendants.

5.   [*sic*] These allegations are denied.

Responding to that certain unnumbered paragraph beginning "WHEREFORE," these allegations are denied, and it is specifically denied that Spidell is entitled to any relief whatsoever from the Defendants.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Spidell bears the burden, the Defendants hereby allege the following defenses.

### FIRST DEFENSE

Spidell's Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

The proximate and/or contributing cause of the incidents and resulting damages, if any, complained of in the Complaint was Spidell's own conduct, or the conduct of others over whom the Defendants have no authority or control.

### THIRD DEFENSE

The damages allegedly suffered by Spidell, the existence of which is denied, did not proximately result from the conduct of the Defendants.

### FOURTH DEFENSE

The Defendants affirmatively plead the limits on punitive damages set forth in *State Farm Mut. Auto. Ins. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003) and *BMW of North America, Inc. v. Gore*, 517 U.S. 599, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1966).

### FIFTH DEFENSE

The granting of any award for punitive damages would violate the Defendants' constitutional rights under the United States Constitution (the "Federal Constitution") and the Constitution of the State of Alabama (the "State Constitution"), including, but not limited to, the following:

4

(a) The Due Process Clause of the Fourteenth Amendment of the Federal Constitution;

(b) The Double Jeopardy Clause of the Fifth Amendment as applied to the Fourteenth Amendment to the Federal Constitution;

(c) The Due Process Clause and related protections of Article I, §§ 6, 10 and 13 of the State Constitution;

(d) The prohibition against twice being placed in jeopardy for the same offense provided by Article I, § 9 of the State Constitution;

(e) The procedural safeguards provided by the Sixth Amendment of the Federal Constitution for alleged penal conduct, including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt";

(f) The procedural safeguards provided by Article I, §15 of the State Constitution for alleged penal conduct, including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt";

(g) The Contract Clause of Article I, §10 of the Federal Constitution;

(h) The Self-Incrimination Clause of the Fifth Amendment of the Federal Constitution;

(j) The Self-Incrimination Clause of Article I, §6 of the State Constitution;

(k) The Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution; and

(l) The award of punitive damages bears no proportional or rational relationship to any actual damages or to the type of conduct involved and violates both the Federal Constitution and State Constitution.

**SIXTH DEFENSE**

The Defendants are not liable for any of the claims in the Complaint because their conduct at all times complied, and was in good faith conformity, with all applicable contracts, laws and regulations.

**SEVENTH DEFENSE**

Some or all of the claims asserted by Spidell are preempted by federal law.

**EIGHTH DEFENSE**

Some or all of Spidell's claims against the Defendants may be subject to binding arbitration, and the Defendants assert all rights to arbitrate this dispute that they may have.

**NINTH DEFENSE**

The Defendants assert their good faith compliance with all applicable statutes and laws, specifically including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

**TENTH DEFENSE**

The Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

AND NOW, having fully answered and having raised their affirmative defenses, the Defendants hereby request that this Court enter a judgment in their favor, and dismiss Spidell's Complaint against them with prejudice, and award the Defendants their costs, attorney's fees, and such other relief as the Court finds proper in the premises.

THIS, the 1st day of October, 2007.

Respectfully submitted,

MIDLAND CREDIT MANAGEMENT, INC.
and MRC RECEIVABLES CORPORATION

By: _____
F. E. McRae, III
Its Attorney

**OF COUNSEL:**
F. E. McRae, III  (AL No. ASB-4501-M56F)
**MCGLINCHEY STAFFORD, PLLC**
Suite 1100 – City Centre South
200 South Lamar Street   (39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone:    (601) 960-8400
Facsimile:    (601) 960-8431
Attorneys for the Defendants, Midland Credit Management, Inc.
and MRC Receivables Corporation

## CERTIFICATE OF SERVICE

I, F. E. McRae, III, of McGlinchey Stafford, PLLC, attorney for the Defendants, do hereby certify that I have this day served, via United States Mail, postage prepaid, a true and correct copy of the foregoing document to the following:

>John A. Tinney, Esq.
>Attorney for Plaintiff
>Post Office Box 1430
>Roanoke, Alabama 36274

THIS, the 1st day of October, 2007.

/s/ F. E. McRae, III

213333.1