IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**CURTIS SPIDELL**                                           **PLAINTIFF**

**VS.**                                                     **NO. 3:07cv874-MHT**

**MIDLAND CREDIT MANAGEMENT, INC.**
**and MRC RECEIVABLES CORP.**                               **DEFENDANTS**

**DEFENDANTS, MIDLAND CREDIT MANAGEMENT, INC.
AND MRC RECEIVABLES CORP.'S, RESPONSE IN
<u>OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

**COME NOW** the Defendants, Midland Credit Management, Inc. ("Midland") and MRC Receivables Corp. ("MRC"), and respectfully submit this *Response In Opposition To Plaintiff's Motion To Remand*, and state as follows:

1. The Plaintiff commenced this action on August 27, 2007 in the Circuit Court of Randolph County, Alabama. In his Complaint, Plaintiff asserted that he was a citizen of Randolph County, Alabama, and that both Midland and MRC were foreign corporations having their principal places of business in California.

2. Plaintiff claimed that a suit was filed against him in the District Court of Randolph County, Alabama on June 21, 2007 by Midland in which is sought to collect an indebtedness on an open account in the amount of $1,098.98. He further contends that he was served with process in the District Court litigation, and was

required to defend that action in an August 14, 2007 hearing. He further contends that the District Court entered judgment in his favor in that proceeding.

3. In Count One of his Complaint, Plaintiff asserts a claim for malicious prosecution, for which he seeks compensatory and punitive damages in an amount "not to exceed $74,000.00." *See* Exhibit A at Count One, *ad damnum* clause.

4. Count Two of the Plaintiff's Complaint asserts a claim for negligence, wherein he generally alleges that the Defendants negligently sued him in an attempt to collect a debt that he did not owe. As a result, he alleges that he has suffered "extreme worry and anxiety," "humiliation and embarrassment," and alleges that the Defendants' actions demonstrate "wantonness." *See* Exhibit A at Count Two, paragraph 5. On this claim, the Plaintiff seeks an unspecified amount "for all sums he may be entitled to under the pleadings and proof contained herein." *See* Exhibit A at Count Two, *ad damnum* clause.

5. The Plaintiff has now filed his Motion to Remand. In support of his motion, he challenges the satisfaction of the amount in controversy requirement, relying solely upon the affidavit of his attorney who states that the Plaintiff "had no intention of seeking and does not seek in excess of $75,000.00 . . . as a damage award in this case." *See* Exhibit B, Affidavit of John A. Tinney, at paragraph 3.

6.      The Plaintiff does not dispute that there is complete diversity of citizenship among the parties.  Count One of his Complaint seeks $74,000.00 for his malicious prosecution claim, and Count Two seeks an unspecified amount of damages for negligently being sued for a debt that, by Plaintiff's admission, is in excess of $1,000.00.

7.      At the time of removal, the stated jurisdictional facts support a finding that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.  Thus, jurisdiction is proper in this Court, and venue is proper in this forum.  The Plaintiff's post-removal efforts to restate or decrease the amount in controversy must be disregarded for purposes of determining diversity jurisdiction.

8.      The Defendants contemporaneously submit herewith a memorandum of authorities in support of their opposition to the Plaintiff's Motion to Remand, which is incorporated herein by reference.  In further support of their opposition to the Plaintiff's Motion to Remand, the Defendants submit the following exhibits:

        Exhibit A – Bill of Complaint

        Exhibit A – Affidavit of John A. Tinney

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Plaintiff's Motion to Remand be denied.

      Respectfully submitted,

      **MIDLAND CREDIT MANAGEMENT, INC. and MRC RECEIVABLES CORPORATION**

      By: s/ Frank E. McRae, III
          Frank E. McRae, III

**OF COUNSEL**:

Frank E. McRae, III (AL Bar #ASB-4501-M56F)
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street, Suite 1100 (Zip – 39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (601) 960-8400
Facsimile: (601) 960-8431

## CERTIFICATE OF SERVICE

    I, Frank E. McRae, III, McGlinchey Stafford, PLLC, do hereby certify that I have mailed the foregoing via electronic filing and/or U.S. Mail, first class, postage prepaid, to the following:

> John A. Tinney
> Post Office Box 1430
> 739 Main Street
> Roanoke, Alabama 36274

    THIS, the 22nd day of October, 2007.


                                             s/ Frank E. McRae, III
                                             Frank E. McRae, III

214180.1

IN THE CIRCUIT COURT OF
RANDOLPH COUNTY, ALABAMA

**Filed in Office**

AUG 27 2007

CHRIS MAY
Clerk of Circuit Court

| | | |
|---|---|---|
| CURTIS SPIDELL | ) | |
| PLAINTIFF | ) | |
| VS. | ) | CASE NO. CV 2007- 110 |
| MIDLAND CREDIT MANAGEMENT, INC. and MCN RECEIVABLES CORPORATION | ) ) ) | |
| DEFENDANT | ) | |

## BILL OF COMPLAINT

Comes now Plaintiff and would show unto this Honorable Court the following facts as a basis for the relief hereinafter prayed for:

### STATEMENT OF FACTS

1. Plaintiff herein is a resident citizen of Randolph County, Alabama, and whose principal address is Post Office Box 865, Wedowee, Alabama.

2. The Defendant Midland Credit Management, Inc. is a foreign corporation which does business by agent in Randolph County, Alabama, whose principal address is Post Office Box 939019, San Diego, California 92193-9019.



3. To the best of Plaintiff's knowledge and belief, Defendant MRC Receivables Corporation is a foreign corporation which does business by agent in Randolph County, Alabama, whose principal address is Post Office Box 939019 San Diego, California 92193-9019.

4. Defendants herein filed a lawsuit against Plaintiff in the District Court of Randolph County which was styled as Case No. SM 2007-306. Said action was filed June 21, 2007, wherein the Defendants claimed that the Plaintiff was indebted to Midland Credit Management (not Midland Credit Management, Inc.) for the sum of $1,098.98 due by open account. Defendant also claimed court cost of $62.00 from the Plaintiff.

5. Plaintiff would state that a Deputy Sheriff of Randolph County served him with papers herein.

6. Plaintiff would state that he is a Minister of the Gospel and that service of these papers by the Sheriff of Randolph County upon him was highly demeaning, embarrassing, and maliciously done by Defendants as against the Plaintiff.

7. Plaintiff would state that after being served he was required to secure the services of an attorney to represent him in this matter.

8. Plaintiff would state that his attorney filed an Answer to the lawsuit and the case was set for trial on August 14, 2007, in the District Court of Randolph County.

9.  At that time the Plaintiff's attorney appeared but no one appeared on behalf of the Defendants.

10. After taking testimony the District Judge in Randolph County entered a judgment in favor of the Plaintiff herein discharging him from any and all liability or responsibility to the Defendants.

11. Plaintiff herein would state that prior to June 21, 2007, he had written to Defendants on several occasions telling them that he was not indebted to the Defendants whatsoever. He had further sent copies of cancelled checks on various accounts of his to the Defendants letting them know that unequivocally he had no debt to the Defendants or anyone associated with the Defendants.

12. Plaintiff would state that he was never given the courtesy of any reply to his correspondence and that the only reply he ever received was a lawsuit.

## COUNT ONE

## COMPLAINT FOR MALICIOUS PROSECUTION

1.  Plaintiff incorporates the Statement of Facts above as Paragraph One of this Count.

2.  Plaintiff herein would state that the Defendants falsely, wrongly, maliciously, and intentionally filed a lawsuit against the Plaintiff knowing that there was no basis in law or in fact for the allegations made in the complaint against Plaintiff herein.

3. Plaintiff would state that all issues relating to the same were decided in his favor and that the Defendants herein did not even have the courtesy to attend any hearing nor provide any evidence of any indebtedness whatsoever by the Plaintiff to Defendants.

4. Plaintiff would state that the Defendants herein further filed a lawsuit against him for entity known as Midland Credit Management which to the best of Plaintiff's knowledge and belief is no entity at all and has no legal existence nor ever had any ownership interest in any account allegedly to have been created by the Plaintiff herein.

5. As a proximate consequence of the malicious prosecution of the Plaintiff by Defendants he has been caused to suffer the following injuries and damages:

(a) He has been subjected to extreme worry and anxiety;

(b) He has been subjected to humiliation and embarrassment;

(c) He has been caused to suffer attorney fees and lose time from work in defending himself against the malicious prosecution of the Defendants;

WHEREFORE, Plaintiff demands judgment against Defendants for all sums he is entitled to under the pleadings and proof contained herein including compensatory and punitive damages in an amount not to exceed $74,000.00.

## COUNT TWO

## COMPLAINT FOR NEGLIGENCE

1. Plaintiff incorporates the Statement of Facts above as Paragraph One of this Count.

2. Defendants herein negligently filed a lawsuit against Plaintiff on behalf of a non-existent entity in an attempt to collect an account which the Plaintiff did not owe.

3. To the best of Plaintiff's knowledge and belief, the Defendants negligently filed this lawsuit after being told on several occasions by the Plaintiff that he had no indebtedness to the Defendants and that he was not liable to them for any account whatsoever.

4. As a proximate consequence of the negligence of the Defendants in filing a lawsuit against the Plaintiff, the Plaintiff has been caused to suffer the following injuries and damages:

   (a) He has been subjected to extreme worry and anxiety;

   (b) He has been subjected to humiliation and embarrassment;

   (c) He has been caused to suffer attorney fees and lose time from work in defending himself against the malicious prosecution of the Defendants;

5. Plaintiff would state that the negligent actions of the Defendants were such that they Defendants were guilty not only of negligence but in the alternative negligence and wantonness.

WHEREFORE, Plaintiff demands judgment against Defendants for all sums he may be entitled to under the pleadings and proof contained herein.

_____
John A. Tinney     TIN 005
Attorney for Plaintiff
Post Office Box 1430
Roanoke, Alabama 36274
(334) 863 – 8945

Plaintiff demands trial by struck jury.

_____
John A. Tinney     TIN 005
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CURTIS SPIDELL ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. |
| ) | 3:07cv874-MHT |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC. and ) | |
| MRC RECEIVABLES CORP. ) | |
| ) | |
| DEFENDANT ) | |

## AFFIDAVIT OF JOHN A. TINNEY

Comes now John A. Tinney, Attorney for Plaintiff Curtis Spidell, and having been duly sworn, deposes and says on oath as follows:

1. My name is John Tinney and I am over the age of 19 years and of sound mind, and I have personal knowledge of the matters contained herein.

2. I drafted the Complaint that was filed in the Circuit Court of Randolph County, Alabama.

3. At the time the Complaint was drafted the Plaintiff had no intention of seeking and does not seek in excess of $75,000.00, exclusive of interest and cost, as a damage award in this case.

4. I will not ask the Court or jury to render a verdict in the Plaintiff's favor in excess of $75,000.00, exclusive of interest and cost.



5.  The Plaintiff will not accept more than $75,000.00, exclusive of interest and cost, in full satisfaction of this case.

6.  This Court does not have subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.00 exclusive of interest and cost.

s/ John A. Tinney<br>
Attorney for Plaintiff

STATE OF ALABAMA
RANDOLPH COUNTY

I, the undersigned authority, a Notary Public in and for said County, in said State, hereby certify that John A. Tinney whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day, that being informed of the contents of this instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal this 4th day of October, 2007.

s/Teri Mitchum Tennant<br>
Teri Mitchum Tennant<br>
Notary Public - State at Large<br>
My Commission Expires: 6-18-9