## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

**CURTIS SPIDELL**                                              **PLAINTIFF**

**VS.**                                               **NO.  3:07cv874-MHT**

**MIDLAND CREDIT MANAGEMENT, INC.**
**and MRC RECEIVABLES CORP.**                        **DEFENDANTS**

### MEMORANDUM BRIEF IN
### OPPOSITION TO MOTION TO REMAND

### I.     INTRODUCTION

Plaintiff, Curtis Spidell, has moved to remand in this action contending that the amount in controversy does not exceed the sum of $75,000.  He now claims that at the time he and his counsel commenced this action, it was not their "intention" to seek relief totaling more than $75,000 (exclusive of interest and costs).  He further claims that he will not now "ask" for or "accept" any judgment that exceeds $75,000.  Plaintiff's post-removal attempts to divest this Court of jurisdiction are without merit.

At the time this action was commenced, Plaintiff sought $74,000 in damages for his malicious prosecution claim and an unspecified amount in damages for his negligence claim that was based upon the Defendants' alleged attempt to collect on an account in an amount that exceeded $1,000.  Thus, based upon the claims asserted in the Complaint and the relief demanded at the time of removal, the

amount in controversy requirement has been satisfied and the motion to remand should be denied.

## II.    PROCEDURAL HISTORY AND FACTS

Plaintiff commenced this action on August 27, 2007 in the Circuit Court of Randolph County, Alabama.  In his Complaint, Plaintiff asserted that he was a citizen of Randolph County, Alabama, and that both Midland and MRC were foreign corporations having their principal places of business in California.  *See* Exhibit "A" at ¶¶ 1-3.

Plaintiff claimed that a suit was filed against him in the District Court of Randolph County on June 21, 2007 by Midland in which it sought to collect an indebtedness on an open account in the amount of $1,098.98.  *See* Exhibit "A" at ¶ 4.  He contends that he was served with process in the district court litigation by a deputy sheriff and that it was "highly demeaning, embarrassing, and malicious[]" given his status as "a Minister of the Gospel."  *See* Exhibit "A" at ¶¶ 5-6.

Thereafter, Plaintiff alleges that he was required to retain an attorney to represent him in the district court litigation.  *See* Exhibit "A" at ¶ 7.  At the August 14, 2007 hearing, he asserts that the district court "entered a judgment in favor of the Plaintiff herein discharging him from any and all liability or responsibility to

the Defendants."  Prior to the district court litigation being commenced, Plaintiff asserts that he had sent copies of "canceled checks" to the Defendants on several occasions and advised them that he was not responsible for the indebtedness.  *See* Exhibit "A" at ¶ 11.

In Count One of the Complaint, Plaintiff asserts a claim for malicious prosecution.  He specifically charges that the Defendants "falsely, wrongly, maliciously, and intentionally filed a lawsuit against [him] knowing that there was no basis in fact or in law for the allegations."  *See* Exhibit "A" at Count One, ¶ 2. Based upon these allegations, Plaintiff contends that he has suffered "extreme worry and anxiety," "humiliation and embarrassment," and "been caused to suffer attorney fees and lost time from work in defending himself."  *See* Exhibit "A" at Count One, ¶ 5.  For his malicious prosecution claim, Plaintiff seeks compensatory and punitive damages "in an amount not to exceed $74,000."  *See* Exhibit "A" at Count One, *ad damnum* clause.

Count Two of the Complaint asserts a claim for negligence.  Plaintiff asserts that the Defendants "negligently filed a lawsuit against [him] on behalf of a non-existent entity in an attempt to collect an account which [he] did not owe."  *See* Exhibit "A" at Count Two, ¶ 2.  As a result of his negligence claim, Plaintiff

3

asserts that he has suffered "extreme worry and anxiety," "humiliation and embarrassment," and "suffer[ed] attorney fees and los[t] time."  *See* Exhibit "A" at Count Two, ¶ 4.   With regard to his negligence claim, he asserts that the Defendants' actions also evince "wantonness."  *See* Exhibit "A" at Count Two, ¶ 5. On this claim, Plaintiff seeks an unspecified amount "for all sums he may be entitled to under the pleadings and proof contained herein."  *See* Exhibit "A" at Count Two, *ad damnum* clause.

Defendants removed this action to this Court on October 1, 2007.  In the Notice of Removal, they expressly invoked this Court's jurisdiction based upon diversity of citizenship.  In particular, they allege that Plaintiff and the Defendants were completely diverse.  *See* Docket No. 1 at ¶ 3.  They also allege that the amount in controversy requirement was satisfied in this matter based upon Plaintiff's $74,000 demand for his malicious prosecution claim and his unlimited and unspecified demand on his negligence claim.  *See* Docket No. 1 at ¶ 4.

On October 4, 2007, Plaintiff filed a Motion to Remand and affidavit of his counsel.  *See* Docket No. 5.  In the Motion, Plaintiff challenges the satisfaction of the amount in controversy requirement, relying solely upon the affidavit of his attorney.  *See* Docket No. 5 at ¶ 3.  In the affidavit, counsel opines that at the time

4

he drafted the Complaint, "Plaintiff had no intention of seeking and does not seek in excess of $75,000.00, exclusive of interest and costs as a damage award in this case."  *See* Exhibit "B" at ¶ 3.  Thus, Plaintiff states in a conclusory manner that "[t]his Court does not have subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.00 exclusive of interest and costs."  *See* Exhibit "B" at ¶ 6.

## III.  ARGUMENT

This Court has original jurisdiction over all civil actions where the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and is between citizens of different states.  *See* 28 U.S.C. §  1332(a).[1]  "When an action is filed in state court, but the amount in controversy is sufficient and there is complete diversity, federal law gives the defendant the right to remove the action to federal court."  *Mendez v. Central Garden & Pet Co.,* 307 F.Supp.2d 1215, 1216 (M.D. Ala. 2003).  The question of whether the amount in controversy requirement has been met is a matter of federal law, but must be resolved by looking to state law

---

[1]In the Motion to Remand, Plaintiff does not contend that complete diversity of citizenship is lacking, only that the amount in controversy requirement has not been satisfied.

and the claims asserted. *See Johns-Manville Sales Corp. v. Mitchell Enter., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969).[2]

"Removal is proper if it is 'facially apparent' from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties." *See Moore v. CNA Foundation,* 472 F.Supp.2d 1327, 1331 (M.D. Ala. 2007) (citation omitted). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [] jurisdictional requirement." *See Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *vacated on other grounds by*, *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).

As the Eleventh Circuit has held, "'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of removal, and

--------

[2] *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding decisions of the "old" United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business that day).

any post-petition affidavits are allowable only if relevant to that period of time.'" *See Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). "Thus, [e]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *See Poore v. American-Amicable Life Insurance Co. of Texas,* 218 F.3d 1287, 1291 (11th Cir. 2000); *Hall v. ITT Financial Services,* 891 F. Supp. 580, 582 (M.D. Ala. 1994) ("Defendants correctly observe that [plaintiff] may not reduce the amount involved after removal so as to defeat removal jurisdiction."). Accordingly, "[t]he standard [for determining whether the amount in controversy has been satisfied] is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *See Burns v. Windsor Insurance Co.,* 31 F.3d 1094, 1096 (11th Cir. 1994); *Seroyer v. Phizer,* 991 F. Supp. 1308, 1312 (M.D. Ala. 1997) (same); *Pease v. Medtronic, Inc.,* 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998) (same).

Although Plaintiff expressly seeks up to $74,000 in damages for Count One (malicious prosecution), that figure does not reflect the entire amount in controversy in this matter. *See* Exhibit "A" at Count One. The Complaint also

asserts an entirely separate cause of action in Count Two for negligence. *See* Exhibit "A" at Count Two. Plaintiff's negligence claim relates to the Defendants' alleged "attempt to collect an account which the Plaintiff did now owe." *See* Exhibit "A" at Count Two, ¶ 2. The amount that the Defendants sought to recover was $1,098.98. *See* Exhibit "A" at ¶ 4. As a result of their alleged negligence, Plaintiff contends that he sustained "extreme worry and anxiety," "humiliation and embarrassment," and "suffer[ed] attorney fees and los[t] time." *See* Exhibit "A" at Count Two, ¶ 4. He seeks an unlimited and unspecified award for "all sums he may be entitled to under the pleadings and proof." *See* Exhibit "A" at Count Two, *ad damnum* clause. Thus, when the damages sought under both Counts One and Two are combined, it is readily apparent that the amount in controversy requirement has been satisfied in this action.

Nevertheless, Plaintiff now claims that he had no "intention" of ever seeking to recover more than $75,000 in this matter when suit was filed. *See* Exhibit "B" at ¶ 3. Such an attempt to avoid federal jurisdiction is both too late and ineffective. *See Poore,* 218 F.3d at 1291. In fact, Plaintiff's Motion and counsel's affidavit only serve to confirm that the amount in controversy requirement was satisfied at the time this matter was removed, and it cannot now be remanded.

8

In the affidavit, counsel opines that he will not "ask" for or "accept" a judgment in an amount exceeding $75,000 (exclusive of interest and costs).  *See* Exhibit "B" at ¶¶ 4 & 5.  In doing so, however, counsel effectively concedes that a judgment in excess of $75,000 could have otherwise been rendered based upon the Complaint at the time of removal.  Counsel's belated attempt to eschew any award in excess of $75.000 (exclusive of interest and costs) cannot defeat this Court's subject matter jurisdiction.  *See Hall,* 891 F.Supp.2d at 582.

Likewise, counsel's contention that Plaintiff had "no intention" to seek an award in excess of $75,000 (exclusive of interest and costs) is of no moment.[3]  The amount in controversy must be determined based upon the facts and claims alleged in Plaintiff's well-pled Complaint.  *See Horton v. Liberty Mutual Insurance Co.,*

---

[3] The affidavit offered by Plaintiff's counsel is also inadmissible for purposes of determining the amount in controversy.  Testimony that is "wholly conclusory" or "not supported by sufficient facts" is not admissible.  *See Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.,* 922 F.2d 220, 224 (5th Cir. 1991); *Rogers v. Evans,* 792 F.2d 1052, 1062 n.9 (11th Cir. 1986) (rejecting affidavit "phrased in conclusory terms without citing facts").  Here, counsel presumes to testify as to what the Plaintiff's "intention" was and offers the opinion that "[t]his Court does not have subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.00."  *See* Exhibit "B" at ¶ 6.  Not only are Plaintiff's and counsel's intentions with respect to the relief sought immaterial, counsel's conclusory statement that the Court lacks subject matter jurisdiction is an inadmissible attempt to testify as to a matter of law.  Legal conclusions masquerading as facts are not admissible.  *See Palmer v. Braun,* 376 F.3d 1254, 1257 (11th Cir. 2004) (holding that determination of subject matter jurisdiction is a question of law).

367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself").  Therefore, Plaintiff's "subjective intent" not to seek in excess of $75,000 at the time his counsel prepared the Complaint "is not the true issue."  *See Burns,* 31 F.3d at 1096.

Under similar circumstances in *Cross v. Bell Helmets, U.S.A.*, 927 F. Supp. 209 (E.D. Tex. 1996), the district court held:

> a stipulation submitted subsequent to removal that damages do not exceed [the amount in controversy requirement] does not affect jurisdiction when the original complaint satisfied the amount in controversy requirement.  The plaintiff may not divest a court's jurisdiction by filing a post-removal amendment which reduces the amount of damages requested by the complaint below the jurisdictional requisite.
>
> *    *    *
>
> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to plaintiff's caprice.  The claim, whether well or ill-founded in fact, fixes the right to the defendant to remove, and the plaintiff ought not be able to defeat the right and bring the cause back to state court at his election.

*Cross*, 927 F. Supp. at 214-15 (quoting in part *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938)).

10

*Cross* is equally applicable to the instant case. At the time this action was commenced, the Complaint asserted multiple claims for both malicious prosecution and negligence. On the malicious prosecution claim, Plaintiff demands $74,000, while on the negligence count, his demand is an unspecified and unlimited amount. Only after removal did he attempt to limit his damages to no more that $75,000 in order to secure remand. The Defendants' right to remove this matter, however, is not subject to "[P]laintiff's caprice." 927 F. Supp. at 214-15.

## III.   CONCLUSION

As demonstrated by the foregoing, this Court has diversity jurisdiction over the instant case. Accordingly, Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

**MIDLAND CREDIT MANAGEMENT, INC. and MRC RECEIVABLES CORPORATION**


By: s/ Frank E. McRae, III
       Frank E. McRae, III

OF COUNSEL:

Frank E. McRae, III (AL Bar #ASB-4501-M56F)
MCGLINCHEY STAFFORD, PLLC
200 South Lamar Street, Suite 1100 (Zip – 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone:  (601) 960-8400
Facsimile:  (601) 960-8431

## CERTIFICATE OF SERVICE

I, Frank E. McRae, III, McGinchey Stafford, PLLC, do hereby certify that I have mailed the foregoing via electronic filing and/or U.S. Mail, first class, postage prepaid, to the following:

John A. Tinney
Post Office Box 1430
739 Main Street
Roanoke, Alabama 36274

THIS, the 22nd day of October, 2007.


s/ Frank E. McRae, III
Frank E. McRae, III

213769.1